DAVID G. HALM, ESQ., SBN: 179957
David.Halm@qpwblaw.com
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
500 N. Brand Boulevard, Suite 1650
Glendale, California  91203

Telephone: 213.486.0048
Facsimile:  213.486.0049

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ELVIA HERNANDEZ CASTILLO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minneapolis corporation; GENEVIEVE DOE; an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>Judge:<br>Dept.:<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY**<br><br>State Action Filed: March 5, 2021 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION:

NOTICE IS HEREBY GIVEN pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendant TARGET CORPORATION, a Minnesota corporation ("Defendant" or "Target"), through its undersigned counsel, hereby removes to this Court the state court action described herein and pleads the following grounds for removal.

1. This action was commenced on or about March 5, 2021, by the filing of a complaint by Plaintiff ELVIA HERNANDEZ CASTILLO ("Plaintiff") against

Defendant in the Superior Court of the State of California, County of Los Angeles – Central District, entitled <u>ELVIA HERNANDEZ CASTILLO v. TARGET CORPORATION, et al.</u>, Case No. 21STCV08896 (the "State Court Action").

2. Plaintiff alleges in her Complaint for Damages for Personal Injuries filed in the State Court Action ("Complaint"), that on or about June 27, 2020, she was in the Target store located at 3600 Rosemead Boulevard, Rosemead, California 91770 ("Premises"), where she claims to have been injured as a result of a dangerous condition on the Premises, when she fell while upon the Premises. The Complaint seeks an unspecified amount of damages against Defendant.

3. Defendant was served with Plaintiff's Summons and Complaint and Statement of Damages on or about July 11, 2022. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, PI General Order, Proofs of Service and Notice of Posting Jury Fees are attached hereto as **Exhibit A**.

4. On or about August 4, 2022, Defendant filed and served upon Plaintiff's counsel its Answer to Plaintiff's Unverified Complaint in the State Court Action ("Answer"). A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.

## Basis for Removal

5. 28 U.S.C. section 1441(b)(3) permits a defendant to file a notice of removal within thirty (30) days after defendant receives, "through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

6. Plaintiff is a resident and citizen of the State of California.

7. Defendant is and, at all relevant times, was incorporated in the State of Minnesota. At all relevant times herein, Defendant has maintained control from its headquarters in Minneapolis, Minnesota. In *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010), the Supreme Court held that a corporation's "principal

place of business" for purposes of determining federal diversity jurisdiction is its "nerve center" -- the place where the corporations' high-level officers direct, control and coordinate the corporation's activities.  This is usually the corporate headquarters.  Applying the "nerve center test" to this case, Defendant's principal place of business is Minneapolis, Minnesota.  Defendant does not conduct "substantially all" of its business in any single state, nor does its business in any single state "substantially predominate" over any other.  Defendant is a quintessential multistate corporation, with operations in each of the 50 states, all of which are directed, controlled and coordinated by its respective officers in Minneapolis, Minnesota, without regard to locale, in furtherance of the corporate objective.

       8.    Other courts, applying the "nerve center test" with respect to Defendant, have similarly reached this conclusion, including this Court.  (*See*, *e.g.*, *Maldonado v. Target Corp.*, *et al.*, 2015 U.S. Dist. LEXIS 90011, at *1-2 (C.D. Cal. 2015), holding "Target has established that Minnesota is its principal place of business under the 'nerve center' test" and that complete diversity existed); *Gonzalez v. Target Corp.*, 2013 U.S. Dist. LEXIS 145769, at *4-6 (E.D.Cal. 2013), finding declaratory evidence averring that Target's retail stores and distribution centers were directed from its headquarters in Minneapolis, Minnesota, which houses Target's administrative and financial offices and bulk of corporate records, showed Target was a citizen of Minnesota for diversity purposes); *Lopez v. Target Corp.*, 2011 U.S. Dist. LEXIS 117881 *4-5.)

       9.    GENEVIEVE DOE and DOES 1 through 50 are named and sued fictitiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction. (28 U.S.C. §1441(b)(1).) The Complaint does not allege the state of citizenship of GENEVIEVE DOE and other DOE defendants. Furthermore, there was no person named GENEVIEVE DOE who worked for Defendant at the Premises at any time on or before June 27, 2020.

10. As set forth above, the complete diversity requirements are satisfied. (*See*, 28 U.S.C. §1332(a); *Hertz v. Friend*, 559 U.S. 77, 80-81, 130 S. Ct. 1181 (2010).)

11. Because the only real and substantial parties to this litigation were and are citizens of the states of California (*i.e.*, Plaintiff) and Minnesota (*i.e.*, Defendant Target), and not the same state, complete diversity of citizenship of the parties exists.

### The Amount in Controversy Exceeds $75,000

12. On or about July 11, 2022, Plaintiff served her Statement of Damages, seeking $10,000,000 in general damages. A true and correct copy of this Statement of Damages is included in **Exhibit A**.

13. The total of these alleged damages $10,000,000 exceeds $75,000, exclusive of interest and costs. Thus, the threshold amount in controversy under 28 U.S.C. section 1332(a) is satisfied for purposes of diversity jurisdiction.

14. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy to be determined exceeds $75,000. In addition, this is an action which may be removed pursuant to 28 U.S.C. § 1441(a).

### Removal is Timely

15. This removal is timely in that 28 U.S.C. section 1441(b)(3) permits a defendant to file a notice of removal within thirty (30) days after defendant receives, "through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendant was served with Plaintiff's Complaint and Statement of Damages on or about July 11, 2022.

16. No further proceedings have occurred in the matter now pending before the Los Angeles Superior Court. There is presently a Final Status

Conference scheduled for August 19, 2022, and a trial scheduled on September 2, 2022.

17. Defendant will promptly file a removal notice, together with a copy of the instant Notice of Removal, with the Clerk of the Superior Court of the State of California, County of Los Angeles, and will serve written notice on counsel of record for Plaintiff.

18. WHEREFORE, for the foregoing reasons, Defendant hereby gives notice that the referenced action is removed in its entirety from the Superior Court for the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446.

DATED: August 8, 2022          **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By:  _____*/s/ David G. Halm*_____
DAVID G. HALM, ESQ.
Attorney for Defendant, TARGET CORPORATION

# PROOF OF SERVICE

I am a citizen of the United States. My business address is 500 North Brand Blvd., Suite 1650, Glendale, California 91203.  I am employed in the County of Los Angeles where this service occurs.  I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document entitled:

**NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY**

☒ (BY CM/ECF)  I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

☒ (BY E-MAIL) On this date, I personally transmitted the foregoing document(s) via electronic mail to the e-mail address(es) of the person(s) on the attached service list.

☐ **(BY MAIL)**  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.  On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☒ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 8, 2022, at Glendale, California.

                                           */s/Liseth Gonzalez*
                                           Liseth Gonzalez

# SERVICE LIST

*Elvia Hernandez Castillo v. Target Corporation, et al.*
Client/Matter: 173460

| | |
|---|---|
| RAFII & ASSOCIATES, P.C.<br>MAURICE S. NEWMAN (SBN 118023)<br>9100 Wilshire Boulevard, Suite 465E<br>Beverly Hills, CA 90212<br>T: (310) 777-7877<br>F: (310) 777-7855<br>maurice@rafiilaw.com | Attorneys for Plaintiff<br>**ELVIA HERNANDEZ CASTILLO** |