# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/05/2021 03:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:22-cv-05570-JFW-AGR   Document 1   Filed 08/08/22   Page 2 of 31   Page ID #:9

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION, a Minneapolis corporation;
GENEVIEVE DOE; an individual; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELVIA HERNANDEZ CASTILLO, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Los Angeles Superior Court - Central Division<br>111 North Spring Street, Los Angeles CA 90012 | 21STCV08896 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Maurice S. Newman (SBN 118023 )
RAFII & ASSOCIATES, P.C., 9100 Wilshire Blvd., Suite 465E, Beverly Hills, CA 90212

Tel: 310-777-7877
Fax: 310-777-7855

| DATE: *(Fecha)* 03/05/2021 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by *(Secretario)* R. Clifton | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 03/05/2021 03:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton Deputy Clerk

Case 2:22-cv-05570-JFW-AGR  Document 1-1  Filed 08/08/22  Page 3 of 31  Page ID #:10

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Edward Moreton

RAFII & ASSOCIATES, P.C.
MAURICE S. NEWMAN, SBN 118023
 *maurice@rafiilaw.com*
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212
Telephone:      310.777.7877
Facsimile:      310.777.7855

Attorney for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

|  |  |
|---|---|
| ELVIA HERNANDEZ CASTILLO, an individual, <br><br> Plaintiff, <br> v. <br><br> TARGET CORPORATION, a Minneapolis corporation; GENEVIEVE DOE; an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 21STCV08896 <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES AND PERSONAL INJURIES** <br><br> 1. **NEGLIGENCE;** <br> 2. **PREMISES LIABILITY** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff ELVIA HERNANDEZ CASTILLO, an individual (hereinafter "Plaintiff") alleges as follows:

## **GENERAL ALLEGATIONS**

1.      Defendant TARGET CORPORATION, (hereinafter "TARGET") is, and at all times mentioned herein, a corporation created under the laws of the state of Minneapolis, doing business in Los Angeles County, California.

2.      At all times herein mentioned Defendant GENEVIEVE DOE (hereinafter "GENEIEVE") is a natural person who is, and at all times herein mentioned was, a resident of Los Angeles County, California.

3.      Defendants TARGET, GENEIEVE, and DOES 1 through 50 may be collectively referred to as "Defendants."



*RAFII & ASSOCIATES, P.C.*
EXCELLENCE | COMMITMENT | RESULTS

4.     Plaintiff does not know the true names of Defendants DOES 1 through 50 and therefore sues them by those fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of those Defendants were in some manner negligently and proximately responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

5.     Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, each of the Defendants was the agent, alter-ego, joint venture, and/or employee of each of the remaining Defendants, was acting at all times within the course and scope of said agency and employment and with the knowledge and consent of the remaining defendants, and/or was responsible for negligently hiring each of the remaining defendants. Plaintiff is further informed and believes that at all times mentioned herein, each of the Defendants was acting with the knowledge, direction, participation, acquiescence, ratification, and/or consent of the remaining Defendants, and each of them.

6.     The acts or occurrences giving rise to this action occurred on June 27, 2020, in the City of Rosemead, Los Angeles County, California.

7.     At all times mentioned in this Complaint, Defendants, and each of them, owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised a Target located at 3600 Rosemead Blvd, Rosemead, CA 91770 (hereinafter referred to as the "Subject Premises").

8.     As a result of the acts and/or omissions of the Defendants, and each of them, as hereinafter alleged, Plaintiff was caused to fall due to condition that was allowed to remain on the floor at or near the entrance of the Subject Premises, thereby causing Plaintiff to sustain the injuries and damages complained of herein.

9.     Plaintiff is informed and believes that at all times mentioned herein, Defendants, and each of them, owned, maintained, controlled, managed, operated, leased, rented, occupied,

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

possessed, designed, constructed, developed, landscaped, inspected, repaired, modified, supervised, permitted, and/or were employed at the Subject Premises.

10. At all times mentioned herein, Defendants, and each of them, owed a duty to Plaintiff to keep the subject premises in a safe condition by, inter alia, providing a warning regarding the dangerous condition, or guarding against, preventing, curing, or removing the dangerous condition.

11. At all times mentioned herein, Plaintiff was lawfully on the Subject Premises and was unable to foresee or prevent the impending injury.

## FIRST CAUSE OF ACTION

## (NEGLIGENCE BY PLAINTIFF AGAINST ALL DEFENDANTS)

12. Plaintiff incorporates each allegation set forth in paragraphs 1 through 11.

13. Plaintiff is informed and believes and thereon alleges that on June 27, 2020, Defendants, and each of them, owed a duty of care to Plaintiff to keep the Subject Premises in a safe condition by, inter alia, providing a warning regarding the dangerous condition or guarding against, preventing, curing, or removing the dangerous condition.

14. Plaintiff is informed and believes and thereon alleges, that on or about the above-referenced date and place, Defendants, and each of them, owed a duty to Plaintiff because they owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, and/or supervised, the subject premises, permitted or created the dangerous condition, and/or were employed at the Subject Premises.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, breached the aforementioned duty of the care when they negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the subject premises; permitted or created the dangerous condition, increased the risk of harm, or created a false sense of safety at the Subject Premises so as to cause Plaintiff to encounter a

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

dangerous and deceptive condition causing her to fall, and thereby directly causing the injuries and damages to Plaintiff as described herein.

16.     As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff was injured in her health, strength, and activity, sustaining injuries to her body and person, all of which said injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering. Plaintiff is informed and believes and thereon alleges that these injuries will result in some permanent disability to her, all to her general damage in an amount which will be stated according to proof at trial.

17.     As a further proximate result of the negligence of Defendants, Plaintiff has incurred, and will continue to incur, medical and related expenses in an amount which will be stated according to proof at trial.

18.     As a further proximate result of the negligence of Defendants as alleged herein, Plaintiff has incurred, and will incur, loss of income, wages, property damage, and other pecuniary losses, the full nature, extent, and amount of which are not yet known to Plaintiff, and the exact number of such expenses will be stated according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### (PREMISES LIABILITY BY PLAINTIFF AGAINST ALL DEFENDANTS)

19.     Plaintiff incorporates each allegation set forth in Paragraphs 1 through 18, inclusive.

20.     At all times herein mentioned, Defendants owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the Subject Premises, and/or permitted or created the dangerous condition the Subject Premises so as to cause or allow dangerous and/or defective conditions thereon, and that at all times mentioned herein, the condition of said premises were such that individuals upon the subject premises, including the Plaintiff, were exposed to danger and injury while lawfully on the Subject Premises. Defendants, and each of them, failed to warn Plaintiff of the dangerous condition that existed at the Subject

1  Premises.

2      21.    At all times herein mentioned, Defendants created, knew of, or in the exercise of

3  reasonable care should have known of, the dangerous and defective condition, but failed to take

4  reasonable care to guard against, or warn against, the presence of said condition to prevent

5  injuries to reasonably foreseeable plaintiffs, and/or persons lawfully on the Subject Premises,

6  including Plaintiff.

7      22.    On or about the above-referenced date and place, Defendants, and each of them,

8  negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed,

9  developed, landscaped, operated, inspected, repaired, maintained, modified, managed,

10  controlled, and/or supervised the Subject Premises so as to cause Plaintiff to fall, and thereby

11  directly and proximately causing the injuries and damages to Plaintiff as described herein.

12      23.    As a direct and proximate result of the conduct of Defendants, and each of them,

13  Plaintiff was injured and injured in her health, strength, and activity, sustaining injuries to her

14  body and person, all of which said injuries have caused and continue to cause Plaintiff great

15  physical and mental pain and suffering. Plaintiff is informed and believes and thereon alleges

16  that these injuries will result in some permanent disability to her, all to her general damage in

17  an amount which will be stated according to proof at trial.

18      24.    As a further direct and proximate result of the negligence of Defendants, Plaintiff

19  has incurred, and will continue to incur, medical and related expenses in an amount according

20  to proof.

21      25.    As a further proximate result of the negligence of Defendants as alleged herein,

22  Plaintiff has incurred, and will incur, loss of income, wages, property damage, and other

23  pecuniary losses, the full nature, extent, and amount of which are not yet known to Plaintiff, and

24  the exact number of such expenses will be stated according to proof at the time of trial.

25  ///

26
### **PRAYER FOR RELIEF**

27      WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as

28

5

**COMPLAINT**

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

follows:

(1)     For economic damages, including lost wages, lost employee benefits, medical expenses and other economic obligations incurred according to proof at trial;

(2)     For non-economic damages, including physical pain and suffering, loss of enjoyment of life and anxiety associated with their injuries;

(3)     For pre-judgment interest at the maximum legal rate;

(4)     For post-judgment interest at the maximum legal rate;

(5)     For costs of suit herein incurred;

(6)     For such other relief that at the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests that the present matter be set for jury trial.

DATED: March 5, 2021                          Respectfully submitted,

                                              **RAFII & ASSOCIATES, P.C.**

                                    By: _____

                                              MAURICE S. NEWMAN, ESQ.
                                              Attorney for Plaintiff

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

Electronically FILED by Superior Court of California, County of Los Angeles on 03/05/2021 03:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

Case 2:22-cv-05570-JFW-AGR   Document 1-6   Filed 08/08/22   Page 9 of 31   Page ID #:16

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> Maurice S. Newman (SBN 118023 ) <br> RAFII & ASSOCIATES, P.C. <br> 9100 Wilshire Blvd., Suite 465E <br> Beverly Hills, CA 90212 <br> TELEPHONE NO.: 310-777-7877    FAX NO.: 310-777-7855 <br> ATTORNEY FOR *(Name)*: Plaintiff ELVIA HERNANDEZ CASTILLO | *FOR COURT USE ONLY* |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
  STREET ADDRESS: 111 North Spring Street
  MAILING ADDRESS: Same
  CITY AND ZIP CODE: Los Angeles 90012
  BRANCH NAME: Central Division

CASE NAME:
ELVIA HERNANDEZ CASTILLO v. TARGET CORPORATION, et al

| **CIVIL CASE COVER SHEET** <br> ☑ **Unlimited**  ☐ **Limited** <br> (Amount    (Amount <br> demanded    demanded is <br> exceeds $25,000)  $25,000 or less) | **Complex Case Designation** <br> ☐ **Counter**  ☐ **Joinder** <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br> 21STCV08896 <br> JUDGE: <br> DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☑ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 5, 2021

Maurice S. Newman, Esq.
_____    ►_____
         (TYPE OR PRINT NAME)         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: ELVIA HERNANDEZ CASTILLO v. TARGET CORPORATION, et | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: | ELVIA HERNANDEZ CASTILLO v. TARGET CORPORATION, et | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: ELVIA HERNANDEZ CASTILLO v. TARGET CORPORATION, et | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| **Miscellaneous Civil Petitions** | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>ELVIA HERNANDEZ CASTILLO v. TARGET CORPORATION, et | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:**<br><br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | ADDRESS:<br>3600 Rosemead Blvd,<br>Rosemead, CA 91770 |
|---|---|
| CITY:<br>Rosemead | STATE:<br>CA | ZIP CODE:<br>91770 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __CENTRAL__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: March 5, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>03/05/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV08896 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Edward B. Moreton | 27 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/08/2021
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES, **CENTRAL DISTRICT** (EFFECTIVE APRIL 16, 2018) | ) CASE NO.: 21STCV08896 <br> ) <br> ) STANDING ORDER RE: PERSONAL <br> ) INJURY PROCEDURES, CENTRAL <br> ) DISTRICT <br> ) <br> ) |

---

**DEPARTMENT:**  2☐  3☐  4☐  5☐  7☐

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** _____08/19/2022_____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** _____09/02/2022_____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** _____03/01/2024_____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

**Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.**

2018-SJ-007-00

1.    To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

> A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
>
> A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
>
> A7260 Product Liability (not asbestos or toxic/environmental)
>
> A7210 Medical Malpractice – Physicians & Surgeons
>
> A7240 Medical Malpractice – Other Professional Health Care Malpractice
>
> A7250 Premises Liability (e.g., slip and fall)
>
> A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
>
> A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1        The Court sets the above dates in this action in the PI Court circled above (Department

2    2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3    (C.R.C. Rules 3.714(b)(3), 3.729.)

4    **FILING OF DOCUMENTS**

5    2.      Parties may file documents in person at the filing window on the first floor of the Stanley

6    Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7    which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no

8    longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9    Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10    legally incompetent person, or person for whom a conservator has been appointed, requests to

11    waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12    410), may not be filed via e-Delivery.

13    **SERVICE OF SUMMONS AND COMPLAINT**

14    3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15    soon as possible but no later than three years from the date when the complaint is filed.

16    (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will

17    dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18    or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19    4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20    service on defendant(s) of the summons and complaint within six months of filing the complaint.

21    5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22    party appears for trial.

23    **STIPULATIONS TO CONTINUE TRIAL**

24    6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25    § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26    good cause or articulating any reason or justification for the change.  To continue or advance a

27    trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28    window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form
2   LACIV CTRL-242, available on the court's website, Personal Injury Court link).  The PI Courts
3   schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.  Parties seeking to
4   continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC
5   date.  Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight
6   court days before the proposed advanced FSC date. (C.C.P. § 595.2;  Govt. Code § 70617, subd.
7   (c)(2).)  In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday
8   following a court holiday.  Parties may submit a maximum of two stipulations to continue trial,
9   for a total continuance of six months. Subsequent requests to continue trial will be granted upon
10  a showing of good cause by noticed motion.  This rule is retroactive so that any previously
11  granted stipulation to continue trial will count toward the maximum number of allowed
12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.    The PI Courts do not conduct Case Management Conferences.  The parties need not file
15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.    Any documents with declarations and/or exhibits must be tabbed.  (C.R.C. Rule
18  3.1110(f).)  All depositions excerpts referenced in briefs must be marked on the transcripts
19  attached as exhibits.  (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.    In addition to filing original motion papers at the filing window on the first floor of the
22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to
23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers
24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a
25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and
26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
27  or more three-ring binders organizing the chambers copy behind tabs.

28  ///

Page **4** of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

Standing Order Re Personal Injury Procedures, Central District

1  IDC.

2      If parties do not stipulate to extend the deadlines, the moving party may file the motion

3  to avoid it being deemed untimely.   However, the IDC must take place before the motion is

4  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

6  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

7  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8  that complies with the notice requirements of the Code of Civil Procedure.

9  14.   Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available

11  dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation

12  requestor must file in the appropriate department and serve an Informal Discovery Conference

13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing

15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16  least 10 court days prior to the IDC.

17  15.   Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.   Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23  ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*

24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

27  relief, the moving party should reserve the earliest available motion hearing date (even if it is

28  after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

2018-SJ-007-00

1 │ the Court Reservation System from time to time because earlier hearing dates may become

2 │ available as cases settle or hearings are taken off calendar.

3 │ **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4 │ 17.      Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

5 │ Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.

6 │ mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury

7 │ Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under

8 │ the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a

9 │ "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether

10 │ a personal injury case is "complicated" the PI Courts will consider, among other things, the

11 │ number of pretrial hearings or the complexity of issues presented.

12 │ 18.      Parties opposing a motion to transfer have five court days to file (at the filing window

13 │ on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition

14 │ (using the same LACIV 238 Motion to Transfer form).

15 │ 19.      The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

16 │ Although the parties may stipulate to transfer a case to an Independent Calendar Department, the

17 │ PI Courts will make an independent determination whether to transfer the case or not.

18 │ **FINAL STATUS CONFERENCE**

19 │ 20.      Parties shall comply with the requirements of the PI Courts' "First Amended Standing

20 │ Order Re Final Status Conference," which shall be served with the summons and complaint.

21 │ **JURY FEES**

22 │ 21.      Parties must pay jury fees no later than 365 calendar days after the filing of the initial

23 │ complaint. (C. C. P. § 631, subds. (b) and (c).)

24 │ **JURY TRIALS**

25 │ 22.      The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

26 │ Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

27 │ will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal

28 │ Courtrooms.

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   SANCTIONS

2   23.     The Court has discretion to impose sanctions for any violation of this general order.

3   (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6   Dated: *April 16, 2018*                    *Debre K Weintraub*

7                                              Debre K. Weintraub
                                               Supervising Judge of Civil Courts
8                                              Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically FILED by Superior Court of California, County of Los Angeles on 07/15/2022 09:18 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

Case 2:22-cv-05570-JFW-AGR   Document 1-1   Filed 08/08/22   Page 25 of 31   Page ID #:32

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Maurice S. Newman, Esq. \| SBN: 118023<br>Rafii & Associates<br>9100 Wilshire Boulevard, Suite 465E  Beverly Hills, CA 90212<br><br>TELEPHONE NO.: (310) 777-7877 \| FAX NO. (310) 777-7855<br>E-MAIL ADDRESS<br>ATTORNEY FOR *(Name)*: Plaintiff: Elvia Hernandez Castillo, an individual, | *FOR COURT USE ONLY* |

**Los Angeles County Superior Court - Stanley Mosk Courthouse**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk Courthouse - Central District

| | CASE NUMBER: |
|---|---|
| PLAINTIFF: **Elvia Hernandez Castillo, an individual,**<br><br>DEFENDANT: **Target Corporation, a Minneapolis corporation; Genevieve Doe; an<br>individual; and Does 1 through 50, inclusive,** | **21STCV08896** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents)*: **See attached Document List**

3. a. Party served *(specify name of party as shown on documents served)*:

   **Target Corporation, a Minneapolis corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
   item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   **C T Corporation System, c/o John Montijo - Registered Agent for Service of Process**

   **Age: 20 Weight: 145 Hair: Brown Sex: Male Height:  Eyes: Brown Race: White**

4. Address where the party was served:  **C T Corporation System**
   **330 N Brand Blvd Ste 700**
   **Glendale, CA 91203-2336**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) on *(date)*: **7/11/2022**   (2) at *(time)*: **12:00 PM**

   b. ☐ **by substituted service.** On *(date)*:  at *(time)*: I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
   person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
   abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address
   of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the
   general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
   place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date)*:  from *(city)*:                                          **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**    Code of Civil Procedure, § 417.10

POS010-1/275618

**ON-CALL LEGAL**
2476 Overland Avenue, Third Floor
Los Angeles, CA 90064
Phone: (310) 858-9800   Fax: (888) 543-5126

Continued from Proof of Service

**CLIENT:**   Rafii & Associates

**CLIENT FILE #:**                                    **DATE:**   July 13, 2022

**SUBJECT:**   Target Corporation, a Minneapolis corporation

Civil Case Cover Sheet Addendum and Statement of Location; Notice of
Case Assignment – Unlimited Civil Case; Plaintiff's Notice of Deposit
of Jury Fees; Certificate of Mailing; First Amended Standing Order
RE: Personal Injury Procedures at the Spring Street Courthouse; Third
Amended Standing Order RE Final Status Conferences, Personal Injury
("PI") Courts (Effective January 13, 2020); Fifth Amended Standing
Order RE: Mandatory Settlement Conference (Effective February 24,
2020); Standing Order RE: Personal Injury Proceduires, Central
District; Voluntary Efficient Litigation Stipulations; Voluntary
Efficient Litigation Stipulations



PETITIONER: Elvia Hernandez Castillo, an individual.

RESPONDENT: Target Corporation, a Minneapolis corporation; Genevieve Doe; an individual; and Does 1 through 50, inclusive,

CASE NUMBER:
21STCV08896

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*               (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* **Target Corporation, a Minneapolis corporation**
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **Steven Phillips - ON-CALL LEGAL**
  b. Address: **2476 Overland Avenue, Third Floor  Los Angeles, CA 90064**
  c. Telephone number: **(310) 858-9800**
  d. **The fee** for service was: **$ 118.43**
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner  ☑ employee  ☐ independent contractor.
      (ii) Registration No.: **2018048510**
      (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **7/13/2022**

**ON-CALL LEGAL**
**2476 Overland Avenue, Third Floor**
**Los Angeles, CA 90064**
**(310) 858-9800**
**www.OnCallLegal.com**

_____
**Steven Phillips**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

Electronically FILED by Superior Court of California, County of Los Angeles on 07/14/2022 04:57 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Yong-Tim,Deputy Clerk

Case 2:22-cv-05570-JFW-AGR   Document 1-1   Filed 08/08/22   Page 28 of 31   Page ID #:35

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| — Justin Rabi (SBN 305287)| Jack Jambazian (SBN 327437)| Quinton Sales (SBN 344308) RAFII & ASSOCIATES, P.C. 9100 Wilshire Blvd., Suite 465E, Beverly Hills, CA 90212 TELEPHONE NO.: (310) 777-7877 | FAX NO. (310) 777-7855 E-MAIL ADDRESS justin@rafiilaw.com; jack@rafiilaw.com; quinton@rafiilaw.com ATTORNEY FOR *(Name)*: Plaintiff: Elvia Hernandez Castillo, an individual, | |

Los Angeles County Superior Court -LOS ANGELES

STREET ADDRESS: 312 North Spring Street

MAILING ADDRESS: 312 North Spring Street

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Spring Street Courthouse

| PLAINTIFF: Elvia Hernandez Castillo, an individual, | CASE NUMBER: |
|---|---|
| DEFENDANT: Target Corporation, a Minneapolis corporation; Genevieve Doe; an individual; and Does 1 through 50, inclusive, | 21STCV08896 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: See attached Document List
3. a. Party served *(specify name of party as shown on documents served)*:
   **Target Corporation, a Minneapolis corporation**
   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **C T Corporation System, c/o John Montijo - Registered Agent for Service of Process**
   Age: 20 Weight: 145 Hair: Brown Sex: Male Height: Eyes: Brown Race: White
4. Address where the party was served:  C T Corporation System
   330 N Brand Blvd Ste 700
   Glendale, CA 91203-2336
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 7/11/2022   (2) at *(time)*: **12:00 PM**
   b. ☐ **by substituted service.** On *(date)*:  at  *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*: **or** ☐ a declaration of mailing is attached.
   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

POS010-1/275618

**ON-CALL LEGAL**

2476 Overland Avenue, Third Floor

Los Angeles, CA 90064

Phone: (310) 858-9800   Fax: (888) 543-5126

Continued from Proof of Service

**CLIENT:** Rafii & Associates

**CLIENT FILE #:**                                                **DATE:** July 13, 2022

**SUBJECT:** Target Corporation, a Minneapolis corporation

Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Plaintiff's Notice of Deposit of Jury Fees; Certificate of Mailing; First Amended Standing Order RE: Personal Injury Procedures at the Spring Street Courthouse; Third Amended Standing Order RE Final Status Conferences, Personal Injury ("PI") Courts (Effective January 13, 2020); Fifth Amended Standing Order RE: Mandatory Settlement Conference (Effective February 24, 2020); Standing Order RE: Personal Injury Procedures, Central District; Voluntary Efficient Litigation Stipulations; Voluntary Efficient Litigation Stipulations



| PETITIONER: Elvia Hernandez Castillo, an individual, | CASE NUMBER: |
|---|---|
| RESPONDENT: Target Corporation, a Minneapolis corporation; Genevieve Doe; an individual; and Does 1 through 50, inclusive, | 21STCV08896 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **Target Corporation, a Minneapolis corporation**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **Steven Phillips - ON-CALL LEGAL**

b. Address: **2476 Overland Avenue, Third Floor  Los Angeles, CA 90064**

c. Telephone number: **(310) 858-9800**

d. **The fee** for service was: **$ 118.43**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

        (i) ☐ owner    ☑ employee    ☐ independent contractor.

        (ii) Registration No.: **2018048510**

        (iii) County: **Los Angeles**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **7/13/2022**

**ON-CALL LEGAL**
**2476 Overland Avenue, Third Floor**
**Los Angeles, CA 90064**
**(310) 858-9800**
**www.OnCallLegal.com**

_____
        **Steven Phillips**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

Electronically FILED by Superior Court of California, County of Los Angeles on 07/14/2022 05:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Williams,Deputy Clerk

1  RAFII & ASSOCIATES, P.C.
   JUSTIN RABI, SBN 305287
2   justin@rafiilaw.com
   JACK JAMBAZIAN, SBN 327437
3   jack@rafiilaw.com
   QUINTON SALES, SBN 344308
4   quinton@rafiilaw.com
   9100 Wilshire Boulevard, Suite 465E
5  Beverly Hills, California 90212
   Telephone:  310.777.7877
6  Facsimile:   310.777.7855

7  Attorneys for Plaintiffs,
   ELVIA HERNANDEZ CASTILLO
8
             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                   **COUNTY OF LOS ANGELES**
10

11

| | |
|---|---|
| ELVIA HERNANDEZ CASTILLO, an individual, | Case No. 21STCV08896 |
| Plaintiff, | Complaint Filed: March 5, 2021 |
| v. | *Assigned for All Purposes to:*<br>*Judge: Hon. Edward B. Moreton*<br>*Dept.: 12* |
| TARGET CORPORATION, a Minneapolis corporation; GENEVIEVE DOE; an individual; and DOES 1 through 50, inclusive, | **PLAINTIFFS' NOTICE OF DEPOSIT OF JURY FEES** |
| Defendants. | |

18

19        TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

20        PLEASE TAKE NOTICE THAT: Plaintiff, ELVIA HERNANDEZ CASTILLO,

21  hereby deposits jury fees in the amount of $150.00 pursuant California *Code of Civil Procedure*

22  §631.

23  DATED:  July 14, 2022                    Respectfully submitted,

24                                           **RAFII & ASSOCIATES, P.C.**

25

26                              By:  _____
                                     Justin Rabi, Esq.
27                                   Jack Jambazian, Esq.
                                     Quinton Sales, Esq.
28                                   Attorneys for Plaintiffs,
                                     ELVIA HERNANDEZ CASTILLO



RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

1

PLAINTIFF'S NOTICE OF DEPOSIT OF ADVANCE JURY FEES