**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | |
|---|---|
| Case No.   **CV 22-5570-JFW(AGRx)** | Date:  September 29, 2022 |

Title:     Elvia Hernandez Castillo -v- Target Corporation, et al.

---

**PRESENT:**
         **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                                                                None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ORDER REMANDING TO STATE COURT [filed 8/26/2022; Docket No. 15];**

**ORDER TO SHOW CAUSE RE: SANCTIONS**

        On August 26, 2022, Plaintiff Elvia Hernandez Castillo ("Plaintiff") filed a Motion for Order Remanding to State Court ("Motion to Remand").  On September 2, 2022, Defendant Target Corporation ("Defendant") filed its Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's September 26, 2022 hearing calendar and the parties were given advance notice.  After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

        Local Rule 7-3 requires, in relevant part, that Plaintiff "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  That conference shall take place at least seven days prior to the filing of the motion.  *See* Local Rule 7-3.  In addition, the Court's Standing Order requires, that "[n]ot more than three days after the 7-3 conference for any contemplated motion, counsel shall file a joint statement indicating the date of, duration of, and method of communication used during the conference and the participants in the conference."  Standing Order (Docket No. 11) ¶ 5(b).  The joint statement shall also "detail the issues discussed and resolved during the conference and the issues remaining."  *Id.*  The Standing Order expressly warns that "[f]ailure to strictly comply with the Court's requirements or Local Rule 7-3 will result in the striking and/or denial of the motion." *Id.*  Although Plaintiff's counsel conducted a Local Rule 7-3 Conference, counsel did not fully comply with the rule.  In particular, Plaintiff's counsel did not discuss the substance of the contemplated motion, i.e., that Plaintiff would move to amend her Complaint to add a nondiverse

party.  *See* Declaration of David G. Halm, Esq. (Docket No. 16-2) ¶ 6. In addition, Plaintiff failed to file the Joint Statement required by the Court.

Moreover, both parties failed to lodge the Proposed Statement of Decision required by the Court's Standing Order.  The Court's Standing Order provides in relevant part: "Not more than two days after the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to caes law and the record."  Standing Order ¶ 5(f).  The Standing Order also warns: "Failure to lodge the Proposed Statement of Decision will result in the denial or granting of the motion."  *Id.*

Accordingly, Plaintiff's Motion to Remand is **DENIED without prejudice** to re-filing in accordance with the Local Rules, the Court's Standing Order, and the Court's Scheduling and Case Management Order.  Failure to comply with the Local Rules, the Court's Standing Order, or the Court's Scheduling and Case Management Order will result in the striking and/or denial of the motion.

In addition, both Plaintiff and Defendant are ordered to show cause in writing by **October 7, 2022** why the Court should not impose sanctions in the amount of $1,500.00 against each lead counsel for their violation of the Local Rules and/or the Court's order.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order to Show Cause will stand submitted upon the filing of the response to the Order to Show Cause.   Failure to respond to the Order to Show Cause will result in the imposition of sanctions and/or the dismissal of this action.

IT IS SO ORDERED.